5701

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ROGELIO AROLDO CABRERA,
and all others similarly situated              CASE NO: 17-CV-20017-FAM
under 29 U.S.C. 216(b),

      Plaintiff,

v.

CMG DEVELOPMENT, LLC,
CARLOS M. GONZALEZ,
ALEX GRANADOS,

      Defendants.

_____/

## MOTION TO STAY ACTION AND FOR SANCTIONS

Pursuant to the inherent authority of the Court, Defendants, CMG Development, LLC ("CMG") and Carlos M. Gonzalez ("Gonzalez") (together, the "Defendants"), move this Court for a stay of the proceedings in light of the pending appeal in the 11th Circuit Court of Appeal, Case No. 17-10567-EE, and for sanctions under 28 U.S.C. § 1927. For grounds, the Defendants would show:

## I. INTRODUCTION

The Defendants request a stay of the instant proceedings until the pending appeal instituted by Plaintiff, Rogelio Aroldo Cabrera ("Plaintiff"), in the 11th Circuit Court of Appeal, Case No. 17-10567-EE (the "Appeal") is decided. In the event the Appeal results in a reversal of this Court's order of dismissal dated December 21, 2016 in Cabrera v. CMG Development, LLC, et al., Case No. 16-CV-20581-FAM (S.D. Fla.) (the "Prior Action"), this Court would effectively have two identical cases seeking alleged unpaid wages under the Fair Labor Standards Act (the "FLSA") pending before it.

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

1

In the instant matter, Plaintiff wishes to take the deposition of the Defendants, which were already conducted in the Prior Action, and has propounded the same discovery requests he served in the Prior Action, to which the Defendants already responded. The Plaintiff also has made a request to conduct an inspection of CMG's premises during the pendency of the Appeal. Meanwhile, the Defendants still do not know the alleged construction projects on which Plaintiff allegedly worked during his alleged employment with CMG and otherwise have not been provided any documents or information that would show some indicia of an employment relationship between CMG and Plaintiff.

The issue on appeal could have an effect on the application of the statute of limitations in this action. If in fact the Court's order of dismissal of the Prior Action is reversed, the Plaintiff would have the benefit of having all of his claims being filed timely, which could result in Defendants' being re-deposed and their discovery responses revisited to address matters that were previously irrelevant in light of the two-year statute of limitations barring a significant portion of Plaintiff's FLSA claim at this juncture.

It is abundantly clear to the Defendants that Plaintiff and his counsel want nothing more than to harass the Defendants and continue spinning their wheels by seeking documents and information of which they already possess in an effort to continue driving up the litigation costs as a way to artificially inflate the value of this case. The Federal Rules of Civil Procedure, however, require that discovery be proportional to the needs of the case. The instant matter involving alleged violations of the FLSA is a not big, complex case that requires robust (and repetitive) discovery. In light of the two-year statute of limitations issue, there is no need to request discovery dating back to 2013 which is clearly barred by the statute of limitations. This issue, of course, did not stop the Plaintiff from propounding discovery in this case that makes

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

2

requests dating back to 2013 despite bemoaning the expiration of the statute of limitations to this Court and the 11th Circuit Court of Appeal.

As will be further explained below, the vexatious litigation tactics of Plaintiff and his counsel require a stay of the instant matter and the consideration of sanctions under the inherent authority of this Court.

## II.  BACKGROUND

### A.      The Prior Action

1.      Plaintiff filed the Prior Action on February 18, 2016 for violations of the FLSA. (See Request for Judicial Notice ("RJN"), Ex. A.)   The Prior Action's Complaint generally alleges that Plaintiff was a construction worker of the Defendants between the years 2013-2015.  (See generally id.)  The Prior Action's Complaint does not provide the names and addresses of any specific construction projects on which the Plaintiff allegedly worked under the alleged employ of the Defendants.  (Id.)

2. On February 23, 2016, this Court filed its Notice of Court Practice in FLSA Cases.  (See RJN, Ex. B.)  This notice required Plaintiff to file a short statement of claim setting forth the total amount of unpaid wages, the calculation of such wages, and the nature of the wages by March 14, 2016.  The notice further stated that the "[f]ailure to comply with this order may result in dismissal of the case without prejudice." (Id. at p. 2.)

3. On February 28, 2016, Plaintiff filed his statement of claim. (RJN, Ex. C.) The statement of claim purports to seek $19,040.00 in damages, which is double the $9,520.00 in alleged unpaid wages that are calculated using the Plaintiff's half time

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

3

hourly rate of $7, multiplied by 10 hours of alleged overtime per week over the course of 136 weeks.  (See id. at p. 1.)  Indeed, no explanation is provided for doubling the amount of unpaid wages sought by Plaintiff.

4. Defendants responded to the statement of claim on March 18, 2016.[1] (RJN, Ex. D.)  The Defendants stated that they "do not have any records that Plaintiff was ever employed by CMG Development, LLC."  (Id. at ¶ 1.)  The response further stated that "counsel has requested Plaintiff's counsel to provide any documents that pertain to or reference employment by the Defendant, CMG Development [LLC], but as of this date, Plaintiff's counsel has not responded to letters or provided supporting documents."  (Id. at ¶ 4.)

5. On October 31, 2016, Plaintiff served its initial discovery consisting of thirteen requests for admission, forty-six requests for production of documents and nine interrogatories (collectively, the "Discovery").  (RJN, Ex. E).  The Discovery is largely overbroad, harassing, repetitive or inapplicable to the facts of the case.

6. To demonstrate the patently frivolous nature of the Discovery, one interrogatory requested Defendants to identify the factual basis for each alleged "Exemption or Credit . . . [Defendants] are claiming as alleged in [Defendants'] Affirmative Defenses," however, the Defendants did not file an answer and affirmative defenses in the Prior Action.  (RJN, Ex. E at Interrog. No. 5.)  The foregoing is exemplary of the copy-and-pasted nature of the Discovery. Nonetheless, Defendants responded to the Discovery on November 30, 2016.  The

---

[1] At the time the response to the statement of claim was filed, the undersigned represented the remaining defendant, Alex Granados.  Said representation of Mr. Granados ceased by virtue of the Court's order granting withdrawal dated November 29, 2016.  (RJN, Ex. 5.)

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

4

principal of CMG, Gonzalez, was thereafter deposed on December 7, 2016, both in his individual capacity and on behalf of CMG.  (RJN, Ex. F.)

7. On December 21, 2016, the Court entered its Order Dismissing Case Without Prejudice (the "Dismissal Order").  (RJN, Ex. G.)  The Dismissal Order provided that the action was dismissed, without prejudice, for failure to serve the complaint in compliance with Federal Rule of Civil Procedure 4(m).  (Id.)  It appears that the service returns were not filed with the Court by Plaintiff.

8. After Plaintiff filed his Motion to Re-Open/Reinstate Case Against All Defendants on December 22, 2016 (see RJN Ex. H), which was denied by the Court on January 3, 2017 (see RJN Ex. I), a motion for reconsideration was filed on January 9, 2017 (see RJN, Ex. J).

9. The motion for reconsideration effectively conceded that Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m), but argued, as it already argued in the Motion to Re-Open/Reinstate Case, that the failure to file the executed returns of service with the Court was the result of "excusable neglect."  (Id. at p. 6.)  At the time the motion for reconsideration was submitted to this Court for review, Plaintiff had already filed the instant lawsuit against the Defendants for the same FLSA claims alleged in the Prior Action.  The motion for reconsideration was denied by this Court on January 24, 2017.  (RJN, Ex. K.)  Plaintiff thereafter filed its notice of appeal on January 31, 2017.  (RJN, Ex. L.)

B.    The Appeal

The Appeal, 17-10567-EE (11th Cir. 2017), argues that this Court "abused its discretion or otherwise committed reversible error by dismissing[] [Plaintiff's] overtime claims for

inadvertently not filing the return of summons on the docket and without an Order to Show Cause issuing prior to dismissal and for denying [Plaintiff's] Motion to reconsider the dismissal after the return of service was filed on the docket reflecting that service was effectuated timely, finding that the [Plaintiff] was free to file a new complaint, pay the filing fee, and notify clerk that it is refiling." (RJN, Ex. M at p. 17, "Summary of the Argument".) The dismissal of the Prior Action effectively "resulted in a statute of limitations bar to part of his overtime wage claims," as Plaintiff argues on appeal. (Id.) The Defendants have not yet filed their answer brief in the Appeal.

## C.    The Instant Action

Plaintiff filed the instant action on January 3, 2017. Despite previously arguing that the statute of limitations had run on a portion of the claim, Plaintiff's Complaint still alleges that he was an employee of the Defendants from 2013-2015 and seeks damages for alleged unpaid wages during all of the years in question. (See Dkt. No. 1.) The Complaint appears to be identical to the complaint filed in the Prior Action. (See generally id.) Unlike the Prior Action, the Court has not entered its Notice of Court Practice in FLSA Cases in this case.

After participating in a Rule 26 conference in which counsel for Plaintiff still could not identify the alleged construction projects on which Plaintiff allegedly worked for CMG[2], Plaintiff served what appears to be the same exact Discovery[3] served in the Prior Action to which the Defendants already responded. (See Ex. 1.) Plaintiff has scheduled the depositions of the Defendants for April 21, 2017 (see Ex. 2) -- whom were already deposed in the Prior Action -- and noticed an inspection of CMG's business office in Broward County, Florida for April 20, 2017 (see Ex. 3).

---

[2] Counsel for Plaintiff also could not provide an initial demand for settlement purposes.
[3] A copy of the discovery is attached hereto as Exhibit 1.

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

6

## III.  ARGUMENT

**A.      Standard On Motion For Stay Pending Appeal**

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its dockets with economy of time and effort for itself, for counsel, and for litigants,' and is left to the sound discretion of the trial court." Prati v. U.S., 82 Fed. Cl. 373, 378 (2008) (quoting Landis v. N. American Co., 299 U.S. 248, 254 (1936)); see also Toyama v. Leavitt, Case No. 08-00198-ACK-KSC, 2009 WL 144323, at * 5 (D. Haw Jan. 21, 2009) ("Th[e] [c]ourt has broad discretion to control its docket and may stay proceedings where the Court deems it necessary for proper adjudication.").

Review of a motion for stay pending appeal, on the other hand, rests on the following (4) factors:  "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" LabMD, Inc. v. FTC, --- Fed. Appx. ---, 2016 WL 8116800, at *2 (11th Cir. Nov. 10, 2016) (quoting Niken v. Holder, 556 U.S. 418, 425-26 (2009)).

This case presents a slightly different issue, as the instant case is technically not on appeal; rather, the Prior Action is.  To that end, review of a motion for stay pending the outcome of another case rests on whether there is a "pressing need for the stay," and whether the balances of interests favor a stay "against the interests frustrated by the action." Prati, 82 Fed. Cl. at 378 (citing Cherokee Nation of Oklahoma v. U.S., 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

In Toyama, the court found that a stay was appropriate where another independent proceeding was still pending resolution, stating:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an

*Law Offices of Robert P. Frankel, P.A.* •
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

7

action before it, pending resolution of independent proceedings
which bear upon the case. This rule applies whether the separate
proceedings are judicial, administrative, or arbitral in character,
and does not require that the issues in such proceedings are
necessarily controlling of the action before the court.

Toyama, 2009 WL 144323, at * 5 (citing Mediterranean Enters., Inc. v. Ssangyong Corp., 708

F.2d 1458, 1465 (9th Cir. 1983)); see also Adams v. Cal Dep't of Health Serv., 487 F.3d 684, 688

(9th Cir. 2007) ("After weighing the equities of the case, the district court may exercise its

discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the

previously filed action, to enjoin the parties from proceeding with it, or to consolidate both

actions.") (emphasis added).

In finding that a stay of the proceedings pending appeal of a separate matter was

warranted, the Toyama court further held:

Even though [p]laintiff may ultimately go forward with her
discrimination claims in the instant matter, it is prudent at this time
to stay any adjudication in this Court while [p]laintiff's appeal is
still pending with the Ninth Circuit. The general rule once an
appeal is filed in a case is the following: 'The effective filing of a
notice of appeal transfers jurisdiction from the district court to the
court of appeals with respect to all matters involved in the appeal.'
Although the [c]ourt has not lost jurisdiction in this instance
(because [p]laintiff is technically appealing a dismissal in a
separate matter), it is still prudent for this Court to withhold any
ruling until the Ninth Circuit addresses that appeal. The Court
notes that the Ninth Circuit's disposition of the appeal could affect
the course of adjudication in the instant matter.

Toyama, 2009 WL 144323, at * 5 (emphasis added).

Based on the posture of this case vis-à-vis the Appeal of the Prior Action (as opposed to

the instant action), the Court should apply the standard utilized to stay a case pending the

outcome of another case, instead of the standard used for staying a case pending appeal.

**B.      The Defendants Have A Pressing Need For The Requested Stay.**

*Law Offices of Robert P. Frankel, P.A.*
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

8

The Defendants' request for a stay is based on equitable and practical considerations. The discovery propounded on the Defendants in this case is the same as the Discovery served in the Prior Action, to which Defendants already responded.  The Defendants' putative discovery responses will be the same as they were in the Prior Action, with the exception of objections to any requests that date back to 2013-2014 because of the expiration of the two-year statute of limitations governing those claims.  Further, the depositions of the Defendants will present repetitive questions and answers and the testimony derived therefrom would be duplicitous of the testimony already provided by the Defendants in the Prior Action.  Quite simply, there is nothing new to learn from the Defendants by taking their deposition a second time.  Lastly, the request for a property inspection is completely unwarranted, as it serves no purpose other than to harass the Defendants.  The Defendants should not have to endure unfettered and repetitive discovery requests and incur the costs associated therewith, particularly where a reversal of the Dismissal Order would effectively result in the "re-instatement" of the claims dating back to 2013-2014 on the basis that they were timely filed in the Prior Action.  This, in turn, would result in the Defendants having to re-visit and supplement its responses to the discovery served in this action where it previously objected to the requests pertaining to the time-barred claims.[4] These are unnecessary litigation costs that the Court could curtail by placing a stay of this action.

The Defendants cannot achieve the same result by filing objections and/or motions for protective order on a piecemeal basis either, as doing so requires Plaintiff to respond to each and every motion and/or objection, thereby driving up their litigation costs which has the accompanying result of making settlement cost-prohibitive to the Defendants.  In FLSA cases that feature a one-way attorney fee provision for the plaintiff/employee (see 29 U.S.C. § 216(b)),

---

[4] The Plaintiff has not explained how a reversal of the Dismissal Order on Appeal could be reconciled, and the Prior Action pursued, simultaneously with the instant action.

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

9

there is very little incentive for counsel to engage in settlement negotiations early in the case or to avoid repetitive discovery, as is plainly evident in this action.  To put it bluntly, the FLSA makes it very difficult to settle cases and essentially forces the defendant/employer to pay "blackmail" money to resolve the case as soon as possible even though it is meritless. Otherwise, the defendant exposes itself to be held responsible for the payment of its own attorneys' fees and those of the plaintiff.  Of course, this may be an issue for the legislature to consider in future amendments to the FLSA, but the Defendants direct the Court to it as further reason to stay this action on equitable grounds.

The recent amendment to Federal Rule of Civil Procedure 26 encompasses the need to limit discovery to the needs of the case, as well.  See Fed. R. Civ. Pro 26(b)(1) (2015); see also Rule 26, Advis. Comm. Notes for 2015 Amends. ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").  Indeed, relevancy alone is no longer sufficient, as the "discovery must be proportional to the needs of the case."  See In re Baird IVC Filters Products Liability Litig., 317 F.R.D. 562, 564 (D. Ari. 2016).

The damages alleged by Plaintiff, as stated in the Prior Litigation, are $19,040.00.  This number has been significantly reduced by the expiration of the two-year statute of limitations governing FLSA claims dating back to 2013-2014.  The discovery served in the instant action, the requested depositions of the Defendants, and notice for a property inspection are not proportional to the needs of the case considering the damages sought, the repetitive nature of the requests and the fact that the Appeal is pending before the 11th Circuit, which could have a direct effect on the statute of limitations issue in this case.  All of these equitable factors weigh in favor of granting a stay.

Law Offices of Robert P. Frankel, P.A.
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

10

**C.      The Balances Of Interests Favor A Stay Against Interests Of The Plaintiff.**

The only conceivable interest that Plaintiff has against the stay is to continue driving up litigation costs. Moving his case towards trial is not even in his best interests, as a significant portion of his claim is barred by the statute of limitations. As such, it is in Plaintiff's interest to stay this case, as a reversal of the Dismissal Order on Appeal would increase the value of his claim as pleaded at this juncture. For the reasons detailed above in subsection B., the interests of Defendant in staying this action greatly outweigh any of the interests of Plaintiff in moving forward with this action during the pendency of the Appeal.

**D.      Sanctions Should Be Imposed On Plaintiff's Counsel Under 28 U.S.C. § 1927 For Vexatious Litigation.**

The court can impose sanctions under 28 U.S.C. § 1927 upon a finding that opposing counsel vexatiously. See generally Barash v. Kates, 585 F. Supp. 2d 1347, 1358 (S.D. Fla. 2006). Three conditions must be met in order recover sanctions under this part: "(1) the conduct must be unreasonable and vexatious; (2) the conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." Id. (internal citation and quotation marks omitted).

Here, Plaintiff's counsel has acted vexatiously in seeking repetitive discovery and depositions, some of which are irrelevant to the claims asserted herein in light of the expiration of the statute of limitations. This action is a multiplication of the Prior Action that is currently on appeal. Plaintiff should either dismiss the Appeal and pursue the instant action or dismiss this action to pursue the Appeal associated with the Prior Action, but not simultaneously pursue both actions. The litigation tactics employed by counsel have added unnecessary litigation costs and created a procedural quagmire for the Defendants. The Court should not countenance this conduct, and should consider imposing sanctions against the Plaintiff's counsel under 28 U.S.C.

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

11

§ 1927 consisting of the costs associated with drafting the instant Motion and any collateral matters that are related to the discovery and depositions requested by Plaintiff in this action.

## IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendants respectfully submit that this action should be stayed until the Appeal is decided, that any pending discovery requests be placed on hold, that the depositions and property inspection be ordered canceled and quashed, and for such other relief the Court deems just and appropriate, including the imposition of sanctions against Plaintiff's counsel.

Respectfully submitted,

**Law Offices of Robert P. Frankel,  P.A.**
Attorneys for Defendants
1000 South Pine Island Road, Suite 410
Plantation, Florida 33324
Robert@frankelpa.com
(305) 358-5690; (305) 907-5901 FAX

By__/s/_ _Robert P. Frankel_____
    ROBERT P. FRANKEL
    Florida Bar No. 304786

## CERTIFICATE OF GOOD FAITH CONFERENCE

On March 13, 2017, counsel for Plaintiff advised that it opposed a stay of this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served upon mailto:micheleemuir@yahoo.com Rivkah F. Jaff, Esq., rivkah.jaff@gmail.com; Alex Granados, 5877 Triphammer Road, Lake Worth, Florida 33463; and J.H. Zidel, Esquire 300 71st Street, Suite 605, Miami Beach, Florida 33141 zabogado@aol.com on this March 28, 2017.

By__/s/_ _Robert P. Frankel_____
    ROBERT P. FRANKEL

**Law Offices of Robert P. Frankel, P.A.**
Royal Palm I at Southpointe, 1000 Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 907-5901

12

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20017-CIV-FAM

| | |
|---|---|
| ROGELIO AROLDO CABRERA and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, ALEX GRANADOS, | ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, by and through the undersigned counsel, serves his first request for admissions to each Defendant, and requests the Defendants to admit or deny the truth of the following pursuant to the Federal Rules of Civil Procedure.

The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include ROGELIO AROLDO CABRERA.  The term "Defendant," "Defendants," and "you" herein shall include, CMG DEVELOPMENT LLC and CARLOS M GONZALEZ.

1. Admit that Plaintiff worked the average hours per week alleged in the Complaint with you during their entire employment period with you as stated in the complaint.

2. Admit that you paid Plaintiff the average hourly rates alleged in the Complaint since Plaintiff began employment with you until their termination from employment as stated in the complaint.

3. Admit that you never paid Plaintiff overtime wages during Plaintiff's entire employment period with you for the time period as stated in the complaint. If denied, please explain.

4. Admit that you do not pay overtime wages to some, if not all, of your employees and that such has been a business practice of yours since at least 2004. If denied, please explain.

5. Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff's entire employment period with you as stated in the complaint. If denied, please explain.

6.  Admit that, at times, you paid Plaintiff in cash to compensate him for some of his wages and that you never reported these payments to the Internal Revenue Service.

7.  Admit that you documented the Plaintiff to have worked far fewer hours that in reality the Plaintiff worked for you.

8.  Admit that you maintain no written time sheets or punch cards for the hours that Plaintiff worked for you at all.

9.  Admit that the Fair Labor Standards Act applies in this matter.

10. Admit that the Fair Labor Standards Act applies to the Plaintiff's work while he worked for you.

11. Admit the corporate Defendant grossed $500,000 or more in 2012, 2013, 2014, 2015, and 2016.  If denied for any Defendant(s) or year(s) specify which year(s) and Defendant(s).

12. Admit each Defendant for whom the Plaintiff worked during the relevant period was involved in interstate commerce which involved states or countries outside the state of Florida in 2012, 2013, 2014, 2015, and 2016.  If denied for any year(s) specify which year(s).

13. Admit that at least (2) of Defendants' employees on a regular and recurrent basis, during 2012,  2013, 2014, 2015, and 2016, handled or otherwise worked with materials, goods, or products that were manufactured outside the State of Florida.  If denied for any year(s) specify which year(s).

14. Admit that Defendant CARLOS M GONZALEZ ran the is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule.

15. Admit that Defendant ALEX GRANADOS ran the is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule.

Wherefore, Plaintiff serves his First Request for Admissions on Defendants pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 3/20/17 TO:**

**ROBERT P. FRANKEL, ESQ.**
**ROBERT P. FRANKEL & ASSOCIATES P.A.**
**25 W. FLAGLER STREET, SUITE 900**
**MIAMI, FL 33130**
**305-358-5690**
**FAX: 305-358-2306**
**EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20017-CIV-FAM

| | |
|---|---|
| ROGELIO AROLDO CABRERA and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiff,<br>vs.<br><br>CMG DEVELOPMENT LLC,<br>CARLOS M GONZALEZ,<br>ALEX GRANADOS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Comes now Plaintiff, by and through undersigned counsel, and serves his first request for production to each Defendant and request that Defendants produce the following within the time prescribed by the Federal Rules of Civil Procedure as follows (the term "Defendant" herein includes "Defendants").

The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include ROGELIO AROLDO CABRERA. The term "Defendant," "Defendants," and "you" herein shall include, CMG DEVELOPMENT LLC and CARLOS M GONZALEZ.

1.   A copy of the <u>Individual Defendants'</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016 including quarterly reports (filed with both the IRS and state of Florida).

2.   A copy of the <u>Corporate Defendant's</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and state of Florida).

3.   A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.

4.   A copy of all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the Defendants' federal tax returns for the

years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.

5.   All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue by Defendants for the years 2012, 2013, 2014, 2015, and 2016.

6.   All of the individual Defendants' and Corporate Defendants' bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks the Defendants have/had accounts with for the years 2012, 2013, 2014, 2015, and 2016.

7.   A copy of all contracts between Defendants and their clients from the years 2012, 2013, 2014, 2015, and 2016.

8.   A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

9.   A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016. This request also includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

10.  All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

11.  All contracts/documents of employment relating to Plaintiff's employment with Defendants.

12.  All time sheets/punch cards/work orders/time cards for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.

13.  All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants.

14.  A list of all employees with names, phone numbers and addresses that Defendants has employed during Plaintiff's entire period of employment with Defendants.

15.  All employee income-reporting documents submitted by the Defendants to the Internal

Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendant as stated in the complaint.

16. Any and all documents identified in Defendant's responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

17. Any and all corporate books and records of Defendant CORPORATION and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendants.

18. Any and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

19. Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendants by any of its current or former employees.

20. Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to its payment of overtime and minimum wages compensation during the relevant time period.

21. Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

22. Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment by the Defendants.

23. All paychecks, W-2 statements, 1099 statements and other payroll documents, which reflect the wages, paid to Plaintiff by the Defendants during the relevant time period.

24. Any and all documents submitted by the Defendant to the United States Department of Labor or the … United States Department of Labor or the … Florida Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

25. Any and all documents received from the FLORIDA Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

26. Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

27. Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendant's employment policies, practices and procedures in effect at any time since January 1, 2002, including any amendments or modifications thereto.

28. The complete personnel file of Plaintiff and any and all other documents related to his employment by the Defendants.

29. The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

30. Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors other than the Plaintiff employed at the Defendants' facility during the relevant time period.

31. All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than the Plaintiff who worked at the Defendants' facility during the relevant time period.

32. The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the Federal or State Department of Labor alleging wage-hour violations on the part of the Defendants.

33. The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendant.

34. The complete personnel files of each and every employee terminated by the Defendant at the subject facility during the relevant time period.

35. Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his employment by the Defendant.

36. Any and all documents on which Defendant intends to rely at trial to support its affirmative defense set forth in its Answer to this complaint.

37. Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

38. All documents and/or electronic data which refer or relate to Plaintiff's employment with Defendants, including but not limited to, personnel documents, job descriptions, documents describing job duties and responsibilities, fringe benefits, records of wages, and changes in rate of pay.

39.   All letters, emails, or correspondence between you and any other person, agency, corporation, and the like, including persons employed by Defendants, referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

40.   All documents and/or electronic data, telephone records, text message records referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

41.   All tapes, including videotapes or recordings, of oral conversations, or verbal notes regarding same, which refer or relate to the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses, including but not limited to, events recited in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses, discussions with potential witnesses, and names and locations of potential witnesses.

42.   Any written request made to persons to testify in this action at trial or deposition, or to provide an affidavit or statement in this action, and any written responses to such requests.

43.   Any and all documents and/or electronic data which Defendants intend to rely on at trial.

44.   Any and all documents and/or electronic data, receipt, computer print-outs, referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

45.   Any and all documents and/or electronic data which demonstrate Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

46.   All documents and/or electronic data that identify each workday (including the month, date, and year) during Plaintiff's employment with Defendants, in which Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities).

47.   All materials, goods, products, and supplies handled or otherwise worked with on a regular and recurrent basis by Defendants employees, independent contractors, and laborers, during 2012, 2013, 2014, 2015, and 2016, that were manufactured outside the State of Florida.

48.   Work orders, receipts, invoices, pictures, photos, and/or any other documents/electronic data that reflects where all materials, goods, products, and supplies handled or otherwise worked with on a regular and recurrent basis by Defendants employees, independent

contractors, and laborers, during 2012,  2013, 2014, 2015, and 2016 were distributed, produced, and where manufactured.

49.     Any documents and electronic data that reflects all location (including customer contact information) where Defendants worked and the dates the locations were worked at, during the years 2012, 2013, 2014, 2015, and 2016. Include in your answer all locations including but not limited to location in Dade County, Broward County, and any other counties.

50.     Any and all documents and/or electronic data which reflects the sale and/or purchase and/or the transfer of funds and/or assets of the Corporate Defendant.

51.     Any and all sale agreements and/or sale contracts, purchase agreements and/or purchase contracts, business sales agreements and/or business sales contracts, and the transfer of funds and/or assets.

52.     Any and all financial account records (i.e. bank account, checking, money market account, etc.) in which the proceeds from the sale and/or purchase of the Corporate Defendant were deposited, in any sale took place.

53.     All security camera footage, film, video, and photos of the exterior and interior of Defendants' premises for the relevant time period.

54.     Any and all documents and/or electronic data by and between CMG DEVELOPMENT LLC and CARLOS M GONZALEZ and ALEX GRANADOS for the years 2012, 2013, 2014, 2015, and 2016.

55.     Any and all documents and/or electronic data that reflects the relationship by and between CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, and ALEX GRANADOS.

56.     Work orders, receipts, invoices, pictures, photos, and/or any other documents/electronic data that reflects all materials, goods, products, and supplies stored at Defendants' storage facility located at 6500 NW 21st Ave., Suite 10, Fort Lauderdale, FL, during 2012,  2013, 2014, 2015, and 2016.

57.     Work orders, receipts, invoices, pictures, photos, and/or any other documents/electronic data that reflects where all materials, goods, products, and supplies were distributed, produced, and where manufactured which were stored at Defendants' storage facility located at 6500 NW 21st Ave., Suite 10, Fort Lauderdale, FL, during 2012,  2013, 2014, 2015, and 2016.

58.     Work orders, receipts, invoices, pictures, photos, and/or any other documents/electronic data that reflects where all materials, goods, products, and supplies handled or otherwise worked with on a regular and recurrent basis by Defendants employees, independent

contractors, and laborers, during 2012,  2013, 2014, 2015, and 2016 were distributed, produced, and where manufactured from the Aquamar jobsite in Fort Lauderdale.

59.   Any and all documents and/or electronic data, other than attorney-client privileged information, from *Urbina et al v. CMG Development, LLC et al.,* Case No.: 16-60476-CIV-MGC/EGT and/or any of the Plaintiffs in said matter pending in the United States District Court for the Southern District of Florida.

60.   Any and all documents and/or electronic data by and between CMG DEVELOPMENT LLC and CARLOS M GONZALEZ and GHG CONSULTING LLC for the years 2012, 2013, 2014, 2015, and 2016.

61.   Any and all documents and/or electronic data by and between CMG DEVELOPMENT LLC and CARLOS M GONZALEZ and A & G POOL PLASTER CORP for the years 2012, 2013, 2014, 2015, and 2016.

62.   Any and all documents and/or electronic data by and between CMG DEVELOPMENT LLC and CARLOS M GONZALEZ and any company owned and/or operated and/or in which ALEX GRANADOS has interest in for the years 2012, 2013, 2014, 2015, and 2016.

63.   Any and all documents and/or electronic data regarding Frankling Bravo for the years 2012, 2013, 2014, 2015, and 2016.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 3/20/17 TO:**

**ROBERT P. FRANKEL, ESQ.**
**ROBERT P. FRANKEL & ASSOCIATES P.A.**
**25 W. FLAGLER STREET, SUITE 900**
**MIAMI, FL 33130**
**305-358-5690**
**FAX: 305-358-2306**
**EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

BY:__/s/____Rivkah F. Jaff_____
**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20017-CIV-FAM

ROGELIO AROLDO CABRERA and all          )
others similarly situated under 29 U.S.C. )
216(b),                                  )
                                         )
                 Plaintiff,              )
        vs.                              )
                                         )
CMG DEVELOPMENT LLC,                     )
CARLOS M GONZALEZ,                       )
ALEX GRANADOS,                           )
                                         )
            Defendants.                  )
_____ )

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES

The Plaintiff hereby files his Notice of Service of Interrogatories propounded to each Defendant, to be responded to pursuant to all time limits imposed by the same when submitting answers to the following questions.

The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include ROGELIO AROLDO CABRERA. The term "Defendant," "Defendants," and "you" herein shall include, CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, and ALEX GRANADOS.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA EMAIL ON 3/20/17 TO:

ROBERT P. FRANKEL, ESQ.
ROBERT P. FRANKEL & ASSOCIATES P.A.
25 W. FLAGLER STREET, SUITE 900
MIAMI, FL 33130
305-358-5690
FAX: 305-358-2306
EMAIL: ROBERTFRANKEL@BELLSOUTH.NET

BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.

## **INTERROGATORIES**

1. Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

2. Please state what each Plaintiff's wages were during the years 2012, 2013, 2014, 2015, and 2016. Include what their hourly wage was, what their overtime wages was (if any), any and all bonuses that they received.

3. Please list all witnesses' names, addresses, and social security numbers, who have any knowledge of the Hours that the Plaintiff worked for you and/or the wages that the Plaintiff received for her/his/their work for the years 2012, 2013, 2014, 2015, and 2016.

4. Please state the name, address, and phone number of the Defendants' accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendants' pay roll.

5. Please state with specificity each Exemption or Credit (in relation to the overtime wage laws pursuant to the FLSA) you are claiming as alleged in your Affirmative Defenses, and the factual basis for each alleged Exemption.

6. Please state the name, address, contact person and telephone number of all of Defendant's suppliers in 2012, 2013, 2014, 2015, and 2016, used by Defendants and/or their employees and/or their subcontractors and/or their independent contractors and/or their laborers (including Plaintiff).  In your answer describe what was supplied.

7. Please state the name, address, date of birth, social security numbers, and telephone number of all of Defendant's employees and/or independent contractors and/or laborers and/or subcontractors, that had/have the same and/or similar job title and/or duties as Plaintiff, from the years 2012, 2013, 2014, 2015, and 2016.

8. Please state the name, last known address, social security number, date of birth, and last known telephone number(s) of all of Defendant's employees and/or their subcontractors and/or their independent contractors and/or their laborers, that worked at the same location Plaintiff worked at during the relevant time period.

9. Identify each workday (by stating the month, date, and year) during the years 2012, 2013, 2014, 2015, and 2016, with a Defendant, in which Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities) identify all documents that support, tend to support, refute, or tend to refute your response.

10. Please state all locations (including customer contact information) where Defendants worked and the dates the locations were worked at, during the years 2012, 2013, 2014, 2015, and 2016. Include in your answer all locations including but not limited to location in Dade County, Broward County, and any other counties, dates each location was worked at, who worked at each location, and the name of the jobsite.

NOTARY ATTESTATION

I, _____, AN EMPLOYEE OF DEFENDANT AND WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

_____
(INDICATE NAME AND EMPLOYEE STATUS WITH DEFENDANT)

State of_____)

County of_____)

The foregoing instrument was acknowledged before me on this _____ day of _____, 20___, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes. (Please indicate)

_____
Notary public--sign

_____
Notary public--print

_____
Commission number and expiration date of same

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20017-CIV-FAM

ROGELIO AROLDO CABRERA and all others
similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

  vs.

CMG DEVELOPMENT LLC,
CARLOS M GONZALEZ,
ALEX GRANADOS,

       Defendants.

_____

**PLAINTIFF'S NOTICE OF TAKING DEPOSITIONS**

TO:
**ROBERT P. FRANKEL, ESQ.**
**ROBERT P. FRANKEL & ASSOCIATES P.A.**
**25 W. FLAGLER STREET, SUITE 900**
**MIAMI, FL 33130**
**305-358-5690**
**FAX: 305-358-2306**
**EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

Please take notice that on **APRIL 21, 2017, at the below specified times**, at J.H. Zidell, P.A.,

300 71st Street, #605, Miami Beach, FL 33141, Plaintiff will take the depositions of the

following deponents to be produced by Defense counsel/subpoenaed by Plaintiff's counsel (as

indicated):

1.  10:00 a.m.-------------------- CARLOS M GONZALEZ;

2.  11:15 a.m. -------------------- (to be subpoenaed) ALEX GRANADOS;

3.  12:30 p.m. -------------------- 30(b)(6) corporate representative(s) of CMG
    DEVELOPMENT LLC to testify as a fact witness, and also to provide testimony
    regarding the allegations in the most recent Complaint, including:

The hiring process and persons involved regarding Plaintiff;

1

The content of Plaintiff's personnel files;
Defendant's wage and hour policies during the relevant period;
The method Plaintiff was paid via payroll and his wages;
Plaintiff's schedule during the relevant period and any time records that exist regarding same;
Whether Defendants have dealt with the US and/or Florida Departments of Labor over the past (5) years regarding wage and hour matters, including any investigatory matters;
Defendant's gross annual income during the relevant period;
Defendant's or their employees' involvement in interstate commerce (if any) relevant to FLSA coverage during the relevant period;
Any exemptions and other affirmative defenses claimed by the defense;
Identification of Plaintiff's co-workers and their contact information;
Identification of any witnesses that Defendant believes has knowledge relevant to the instant lawsuit and their contact information.

Said deposition(s) will be upon oral examination, before an officer duly authorized by law to take depositions, and will continue from day to day until completed. The deposition(s) is/are being taken for purposes of discovery, for use at trial, or both or for such other purposes as are permitted under the applicable rules. The deposition may be recorded by videotape.  The persons so designated shall testify about matters known or reasonably available.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
   Rivkah F. Jaff, Esquire
   Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 3/24/17 TO:**

**"THE ABOVE NOTICED."**

**BY:_____/s/ Rivkah F. Jaff_____
       RIVKAH F. JAFF, ESQ.**

2

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20017-CIV-FAM

| | |
|---|---|
| ROGELIO AROLDO CABRERA and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, ALEX GRANADOS, | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

**PLAINTIFF'S NOTICE OF INSPECTION OF PREMISES**

Comes Now the Plaintiff, by and through undersigned counsel, and hereby notices

Plaintiffs' Notice of Inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure

based upon the following date and location.

| Location | Date and Time | Documents/ Items | Method of Inspection |
|---|---|---|---|
| 1. Defendants' Storage Facility located at 6500 NW 21st Ave. Suite 10 Fort Lauderdale, FL | April 20, 2017 2:00 p.m. | Defendants' storage facility and property, without limitation, all tools, all machines, all goods, all supplies, all products, all vehicles, all office supplies, and all materials used by Plaintiffs, their relevant coworkers, or any of Defendants' employees (including any alleged independent contractors) during the relevant time period (2012-2016). | Inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it by, without limitation, Photograph/Video. |

\* Plaintiff may appear with Counsel as noticed herein for the inspection of Defendants' premises.

**1** of **2**

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA EMAIL ON 3/27/17 TO:**

**ROBERT P. FRANKEL, ESQ.
ROBERT P. FRANKEL & ASSOCIATES P.A.
25 W. FLAGLER STREET, SUITE 900
MIAMI, FL 33130
305-358-5690
FAX: 305-358-2306**

**BY:__/s/____Rivkah F. Jaff_____
        RIVKAH F. JAFF, ESQ.**